Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CARLOS D. MARTÍNEZ VALENTÍN<br><br>Apelante<br><br>v.<br><br>CIC CONSTRUCTION GROUP, LLC<br><br>Apelado | KLAN202300981 | Apelación Procedente del Tribunal de Primera Instancia, Sala de MAYAGÜEZ<br><br>Caso Núm.: SB2020CV00058<br><br>Sobre: Ley del Sistema de Compensaciones por Accidentes del Trabajo (Reserva de Empleo Ley Núm. 45); Procedimiento Sumario bajo la Ley 2 |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

El 3 de noviembre de 2023, se recibió en este Tribunal de Apelaciones la *Apelación* sometida por el Sr. Carlos D. Martínez Valentín (en adelante, señor Martínez o apelante) con relación a la *Sentencia* emitida y notificada el 13 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, TPI o foro primario) en la causa de epígrafe. Mediante la misma, el TPI concluyó que carecía de jurisdicción sobre la materia en cuanto a la controversia de autos y procedió a desestimar la causa de acción que el señor Martínez instó contra CIC Construction Group, LLC (en adelante, CIC o parte apelada).

Examinado el recurso del apelante y los argumentos allí expuestos, así como la oposición que ante este instó la parte apelada, en virtud del derecho aplicable que más adelante consignamos, **confirmamos** la sentencia apelada. Veamos.

Número Identificador

SEN2023 _____

# I

Los hechos que ocasionan el recurso de epígrafe consignados en la *Sentencia* que se apela son los siguientes:

Allá para el 27 de junio de 2019, mientras el apelante se encontraba en el estado de Carolina del Norte realizando trabajos de pintura para CIC, este sufrió un espasmo y un calambre intenso en una de sus piernas. Este fue llevado por personal de CIC a recibir atención médica. El 29 de junio de ese año, el señor Martínez regresó a Puerto Rico, acudió a la sala de emergencias de un hospital en San Germán y posteriormente procuró tratamiento ante la Corporación del Fondo del Seguro del Estado (en adelante, FSE) para sus dolencias.

El señor Martínez fue atendido en varias ocasiones por el FSE. Sin embargo, el 27 de febrero de 2020, el FSE notificó una *Decisión del Administrador sobre: compensabilidad* en el caso 20194843973. La determinación allí consignada, lee como a continuación transcribimos:

> "Esta Decisión se trata de Carlos Martínez Valentín, quien se desempeña como Pintor, para el patrono CIC Construction Group, LLC, en San Juan, Puerto Rico.
>
> La parte peticionaria se reportó a la Corporación del Fondo del Seguro del Estado el 29 de julio de 2019, alegando que mientras realizaba su trabajo sintió malestar en la pierna derecha y en el abdomen. Sintió, además, dolor en el lado derecho de los testículos.
>
> Fue evaluado por nuestros especialistas, quienes le diagnosticaron "Lumbar Disc Herniation with Radiculopathy" y Esguince de Cadera y Muslo Derecho, condiciones relacionadas con el accidente laboral reportado.
>
> De la investigación realizada por el Asegurador se desprende que la parte obrera fue contratada por CIC Construction Group, LLC., el 12 de julio de 2018 para realizar trabajos de pintura o todo tipo de proyectos de construcción. Como parte de dichas tareas el peticionario formó parte de un grupo de empleados que fueron a realizar diferentes tareas a un proyecto en Carolina del Norte, EE.UU.
>
> **Conforme a las disposiciones de la Ley de Compensaciones por Accidentes del Trabajo no se confiere un efecto extraterritorial para cubrir un accidente de trabajo ocurrido a un obrero mientras esté en funciones de su empleo fuera de los límites territoriales de Puerto Rico, por lo que carecemos de jurisdicción para atender esta reclamación.**

> Vistos los hechos anteriores y toda la evidencia que obra en el expediente, resolvemos que el alegado accidente laboral ocurrió fuera de los límites territoriales del Estado Libre Asociado de Puerto Rico, por lo que no tenemos jurisdicción para tender la presente reclamación.
>
> Por tanto, se ordena el cierre y archivo definitivo de este caso."

Así las cosas, el 6 de julio de 2020, el apelante instó una *Querella* al amparo de los Artículos 14 y 18 de la Ley Núm. 45 del 18 de abril de 1935, según enmendada, mejor conocida como la Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 LPRA Sec. 61, *et seq.* Su reclamo, también descansó en el Artículo 1802 del Código Civil del 1930, 31 LPRA Sec. 5141.[1] En su querella, reclamó que CIC incumplió con su obligación de tener vigente una cubierta de seguro que cubra a sus empleados de un accidente laboral. Así, estableció que la falta de tal seguro constituyó una negligencia por parte de la parte apelada que ocasionó que no pudiera recibir el tratamiento adecuado a las condiciones diagnosticadas, incluyendo una operación programada por el FSE que fue posteriormente cancelada. Por todo ello, alegó daños físicos ascendentes a $150,000.00 y angustias y sufrimientos valorizados en una suma no menor de $200,000.00.

El 24 de septiembre de 2020, CIC sometió *Contestación a la Querella* en la que negó según redactadas varias de las alegaciones y afirmativamente explicó o brindó su versión de los hechos. Asimismo, reclamó ser un patrono asegurado, tanto en Puerto Rico, como en Carolina del Norte. En cuanto al alegado incidente laboral, CIC negó que se tratara de un accidente de dicha naturaleza asegurando que se trataba de una situación producto de una condición médica preexistente del apelante.

Realizado el descubrimiento de prueba, el 21 de junio de 2023 el apelante sometió una *Moción solicitando que se dicte sentencia sumaria parcial*

---

[1] La Querella fue instada al amparo del procedimiento sumario instado por la Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA Sec. 3118.

en la que afirmó que, conforme los documentos que sometía en apoyo a su escrito, no existía controversia en cuanto a los siguientes hechos:

1. Para el 12 de julio de 2018 la querellada contrató al querellante como obrero para realizar trabajos de pintura en todo tipo de proyectos. Ver expediente tribunal, Querella. (I. Hechos), párrafo 1, Contestación a Querella y anejo 1 (contrato de trabajo).

2. El 2019 Querellante fue trasladado de manera temporal al estado de Carolina del Norte, en Estados Unidos, para que realizara trabajos de pintura en la farmacéutica Novo Nordisk Pharmaceutical Industries, Inc. (en adelante "Novo Nordisk"). En específico, el Querellante trabajó en el estado de Carolina del Norte del 10 de marzo al 7 de abril del 2019 y del 3 al 29 de junio de 2019. Ver expediente del tribunal, Contestación a Querella (II. HECHOS) párrafo 2, última oración; anejo 2 (deposición Dr. Pérez Laguillo), p. 18, L. 2-6; pág. 43, L. 23-25.

3. El querellante sufrió un accidente mientras hacía su trabajo el 27 de junio de 2019. Ver expediente del tribunal Querella (II. HECHOS), párrafo 3 y Contestación a Querella (II. HECHOS), párrafo 3, anejo (informe patronal de accidente); anejo 2 (deposición Dr. Pérez Laguillo), pág. 18, L. 2-6; anejo 3 (deposición Carlos Martínez), pág. 47, L. 10-24; pág. 48, L. 1-17.

4. El querellante el día 28 de junio de 2019 no se pudo levantar para acudir al trabajo como consecuencia del dolor intenso que sufría. Ver expediente del tribunal, Querella (II. HECHOS), párrafo 4, y anejo 3 (deposición querellante) pág. 37, L. 20-25, pág. 38, L 1-12.

5. La querellada le gestionó un pasaje de regreso a Puerto Rico el 29 de junio 2019. Ver expediente del tribunal, Querella (II. HECHOS), párrafo 4, y Contestación a Querella (II. HECHOS), párrafo 4, segunda oración; anejo 3 (deposición querellante), pág. 36, L. 18-20, pág. 39, L. 19-21.

6. El querellante se atendió primero en la sala de emergencia de un hospital de San Germán, y luego acudió a la Corporación del Fondo del Seguro del Estado (FSE). Ver expediente del tribunal, Querella (II. HECHOS), párrafo 5, y Contestación a Querella (II. HECHOS), párrafo 5, segunda oración y anejo 6 (expediente FSE); anejo 3 (deposición querellante), pág. 40, L. 1-23.

7. El FSE lo evaluó por primera vez el 29 de julio de 2019 y se le diagnosticó esguince de Cadera y Muslo Derecho, condiciones relacionadas con el accidente del trabajo reportado. Expediente del tribunal, Querella (II. HECHOS), párrafo 6, Contestación a Querella (II. HECHOS), párrafo 6 y anejo 7 (expediente FSE); anejo 2, pág. 41, L6-13, pág. 42, L. 4-18 (deposición Dr. Luis Pérez Laguillo); anejo 3, (deposición querellante), pág. 47, L. 10-24; pág. 48, L. 1-17.

8. Se le brindó tratamiento para sus condiciones y se determinó que era necesaria una operación la cual fue pautada para el 13 de febrero de 2020. Ver expediente del tribunal, Querella (II. HECHOS), párrafo 7, y Contestación a la Querella (II. HECHOS), párrafo 7 (admitido) y anejo 8 (expediente del FSE).

9. El caso del querellante ante el FSE fue cerrado antes de su operación, por lo que no se realizó la intervención quirúrgica. De acuerdo con el FSE el accidente del trabajo había ocurrido fuera de

Puerto Rico, por lo que no tenía jurisdicción y no existía cubierta de ningún seguro laboral. Ver anejo 9 (determinación cierre) y anejo 10 (determinación patrono no asegurado).

10. Dicha determinación el FSE se la notificó a la querellada y al querellante. El querellante la recibió mediante una notificación del FSE fechada el 28 febrero 2020, recibida el 9 de marzo de 2020. Ver anejo 9.

11. El Lcdo. Dámaso Pérez Morales es el asesor legal de la Corporación del Fondo del Seguro del Estado (FSE). Anejo 4 (deposición Lcdo. Dámaso Pérez Morales), Pág. 4, L 12-18.

12. Al momento del accidente la querellada no tenía un seguro con el FSE que cubriera el accidente laboral sufrido por el querellante, por lo que era un patrono no asegurado. Anejo 10; anejo 4, pág. 20, L 1-3 y 10-23 (deposición del Lcdo. Dámaso Pérez morales).

En virtud de estos hechos, el apelante postuló que en el caso quedó evidenciado que al momento en que sufrió el accidente del trabajo CIC no tenía una póliza de seguro vigente emitida el FSE. Igual demostrado, arguyó, quedó el que la falta de cubierta del FSE impidió que el apelante fuera intervenido quirúrgicamente. Por ello, sostuvo que la procedencia de su reclamo quedó evidenciado restando nada más que celebrarse la correspondiente vista de daños. Así, suplicó que se resolviera sumariamente a su favor la *Querella* y se celebrara la correspondiente audiencia de daños.

Al oponerse a la solicitud de sentencia sumaria del apelante, en resumidas cuentas, CIC arguyó que el apelante no ha demostrado que sufrió un accidente del trabajo compensable al amparo de la Ley Núm. 45; que contrario a lo argüido por el señor Martínez, sí es un patrono asegurado tanto en Puerto Rico, como en Carolina del Norte; y que el foro primario carecía de jurisdicción, toda vez que el apelante no instó una apelación ante la Comisión Industrial en cuanto al cierre de su caso. Además de todo ello, aseveró que el TPI tampoco tenía jurisdicción, toda vez que, habiéndose determinado que el accidente sufrido por el apelante no se trataba de uno de aquellos protegidos por la Ley Núm. 45, la reclamación en daños y perjuicios que puede instarse debió presentarse en el tribunal de la

jurisdicción donde ocurrió el incidente; o sea, los tribunales de Carolina del Norte. Ante ello, negó la procedencia del reclamo instado por el apelante.

Evaluados ambos escritos, el TPI dictó la sentencia objeto del recurso que atendemos. Como indicamos, mediante esta concluyó carecer de jurisdicción sobre la materia en cuanto a la *Querella*, desestimándola. En desacuerdo con lo resuelto, el señor Martínez instó el recurso de apelación de epígrafe en el que señaló la comisión de los siguientes errores:

> **Primer Error**: El TPI erró al declarar que no tenía jurisdicción sobre la materia, cuando la **Ley Núm. 45 de 18 de abril de 1935, según enmendada, (11 LPRA sec. 1 et seq.)** les confiere autoridad a los tribunales para, en caso de patronos no asegurados, concederles a los empleados que han sufrido un accidente del trabajo los remedios en daños y perjuicios procedentes.
>
> **Segundo Error:** El TPI incidió en error al determinar que aplicaban los remedios dispuestos en los **artículos 14 y 18 de la Ley Núm. 45 de 18 de abril de 1935, según enmendada (11 LPRA secs. 17 y 21)**- los que permiten al apelante reclamarle directamente al patrono- pero que tenía que hacerlo en el estado de Carolina del Norte en los Estados Unidos de Norteamérica y no en la jurisdicción de Puerto Rico.
>
> **Tercer error:** Erró el TPI al declarar sin lugar la moción de sentencia sumaria parcial interpuesta por el apelante-querellante, cuando la evidencia sometida demostró que la apelada-querellada era un patrono no asegurado, exceptuado de la inmunidad dispuesta en la **Ley Núm. 45 de 18 de abril de 1935 (11 LPRA sec. 1 et seq.)**

Atendido el recurso, el 1 de noviembre de 2023, notificada el día 7, emitimos *Resolución* mediante la cual le ordenamos a la parte apelada a someter su posición en cuanto al recurso. En cumplimiento con ello, el 7 de diciembre de 2023, CIC sometió *Alegato de la parte apelada CIC Construction, Group LLC*. Ese día, el apelante sometió *Moción informativa*.

Así, con el beneficio de la comparecencia de las partes, procedemos a resolver.

II

-A-

El mecanismo procesal de la sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA, Ap. V., R. 36, permite resolver los asuntos de aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio. Cruz Vélez v. CEE y otros, 206 DPR 694 (2021), al citar a Mejías et al. v. Carrasquillo et al., 185 DPR 288 (2012) y otros. Así pues, conforme la discutida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y material. Deberá, también, justificarse por el derecho aplicable. Id., mencionando a Bobé et al. v. UBS Financial Services, 198 DPR 6 (2017) y demás.

Por otro lado, la parte que se oponga a la moción de sentencia sumaria, deberá así hacerlo dentro del término de veinte (20) días desde su notificación, cumpliendo con los requisitos de ley. Así pues, deberá efectuar una exposición breve de las alegaciones, los asuntos litigiosos o en controversia. También, deberá hacer referencia a los párrafos enumerados por la parte promovente que entiende están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b); Cruz Velez v. CEE y otros; *supra*; y SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 432 (2013). Las meras afirmaciones no bastan. Meléndez González et al. v. M. Cuebas, 193 DPR 100, 136 (2015) Esto es así, ya que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. Abrams Rivera v. ELA, 178 DPR 914, 932 (2010) No obstante, el no presentarse oposición a una moción de sentencia sumaria no impide que el tribunal falle en contra del promovente de esta ya que esta "puede dictarse a favor o en contra del

promovente, según proceda en derecho.". Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 DPR 563, 575 (1997).

Así, al evaluar los méritos de una solicitud de sentencia sumaria un tribunal podrá dictar sentencia sumaria si de los documentos sometidos ante su consideración surge que no existe controversia real sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V R 36.3(e). Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. Cruz Velez v. CEE y otros; *supra.*

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en la misma posición que el foro primario. Por ello, debemos regirnos por la Regla 36 de Procedimiento Civil y aplicar los criterios de esta. No obstante, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Tampoco podemos adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. Meléndez González et al. v. M. Cuebas, *supra,* pág. 118.

-B-

La Ley 45 del 18 de abril de 1935, mejor conocida como la Ley del Sistema de Compensaciones por Accidentes del Trabajo, según enmendada, (Ley Núm. 45) es una legislación de carácter remedial de consagra ciertas garantías y beneficios en favor del obrero que haya sufrido un accidente o enfermedad ocupacional en el escenario del trabajo. Rivera v. Blanco Vélez Stores, 155 DPR 460 (2001). Conforme establece en su Artículo 2, las

disposiciones de la Ley Núm. 45 son aplicables a todo obrero y empleado que sufra lesiones y se inutilice o que pierda la vida por accidentes ocurrido mientras realiza funciones inherentes a su empleo y que ocurra en el curso de este.[2]

En lo concerniente a la controversia de autos, es importante destacar que conforme el discutido estatuto indica, en aquellos casos en que ocurra un accidente a un obrero o empleado que no estén sujetos a sus disposiciones, la responsabilidad del patrono será igual a aquella que tendría de no existir el estatuto. Ello, independientemente de cualquier acción que el empleado u obrero pueda tener a su favor bajo las disposiciones relativas a la responsabilidad extracontractual consignadas en nuestro Código Civil. La acción judicial, según el Artículo 14 de la Ley Núm. 45, se llevará a cabo ante la sala del Tribunal de Primera Instancia del lugar donde ocurriere el accidente.[3]

### III

Mediante el señalamiento y la discusión de sus dos señalamientos de error, el señor Martínez, además de exponer el derecho que considera, aplica a la controversia, argumenta que en el presente caso el foro primario reconoció en su sentencia que ante el cierre de su caso en el FSE los Artículos 14 y 18 de la Ley Núm. 45 reconocen su causa de acción. Asimismo, sostiene que la ley le reconoce al empleado una causa de acción independientemente de dónde ocurrió el accidente, aseverando que su propósito es no dejar desprotegido al empleado a pesar de que la ley no aplique y que es precisamente ante su inaplicabilidad que el legislador quiso que no se privara a un empleado de un remedio por acciones negligentes o culposas de su patrono.

---

[2] 11 LPRA Sec. 2.
[3] 11 LPRA, secs. 17 y 21.

Por su parte, en la discusión de su tercer error, cuestiona el que el foro primario no haya acogido los hechos 7 y 12 propuestos como incontrovertidos en su moción de sentencia sumaria. Según el apelante, estos hechos establecen que el FSE relacionó el accidente con el trabajo y que CIC, al momento del accidente, era un patrono no asegurado conforme la Ley Núm. 45, y por ende, quedaba establecida la existencia de una causa de acción a su favor y contra CIC. Por último, niega que su reclamación esté sujeta a agotar el procedimiento administrativo de apelación ante la Comisión Industrial.

CIC, por su parte, niega que la determinación final del FSE con relación al caso del apelante fuera que era un patrono no asegurado. En contrario, plantea que lo que resolvió el FSE es que carecía de jurisdicción para atender la reclamación porque la ley bajo la cual opera no tiene efecto extraterritorial. A continuación, CIC indica que, habiéndose determinado esto, se trata de un caso o accidente no comprendido por la Ley Núm. 45, reconociéndosele una causa de acción a favor del empleado contra su patrono. Ahora, destaca que por disposición explícita de la Ley Núm. 45 en su Artículo 14, la causa de acción deberá presentarse ante la sala del Tribunal de Primera Instancia del lugar donde ocurriere el accidente. Seguidamente, apunta y destaca que en el presente caso no hay controversia alguna en cuanto a que el accidente ocurrió en Carolina del Norte, jurisdicción en la que CIC al igual que en Puerto Rico, es patrono asegurado. Dicho todo esto, CIC estableció que es más que claro que en el presente caso estamos ante una demanda por daños y perjuicios sometida en virtud de la Ley Núm. 45 ante una jurisdicción distinta al lugar que la propia ley señala. Entiéndase, donde ocurrió el accidente. Por tanto, reclama la corrección de la desestimación por falta de jurisdicción emitida por el TPI en el presente caso.

Antes de atender los planteamientos que las partes han presentados en contra y a favor de la determinación apelada, por tratarse esta de la resolución de una moción de sentencia sumaria, debemos evaluar primero si la solicitud de sentencia sumaria sometida en el caso por el señor Martínez, así como la oposición que ante esta instó CIC, cumplió con los requisitos de forma establecidos por la Regla 36 de Procedimiento Civil, *supra.* Así evaluado, concluimos que ambas mociones cumplen con el ordenamiento jurídico relativo a la moción de sentencia sumaria.

Por tanto, y siendo ello así, procedemos a evaluar los escritos sometidos por las partes, así como la totalidad del legajo apelativo ante nuestra consideración, de forma tal que sopesemos si existen controversias sobre hechos medulares que impedían la resolución sumaria de la controversia de autos. De existir hechos en controversia, deberemos señalar cuáles son. De lo contrario, nos corresponderá revisar *de novo* si el foro de instancia aplicó correctamente la norma jurídica pertinente a la controversia.

Tras perpetuar tal ejercicio, y luego de un minucioso examen de las mociones sometidas por las partes y los documentos que acompañaron estas, juzgamos que en el caso de marras efectivamente no hay controversia alguna en cuanto a los diez hechos consignados por el TPI en su sentencia. Es decir que, en virtud de tal documentación, se entiende probado que:

1. CIC contrató al señor Martínez para realizar trabajos de pintura en todo tipo de proyectos.

2. Para el año 2019, CIC trasladó al señor Martínez al estado de Carolina del Norte, en Estados Unidos, para que realizara trabajos de pintura en la farmacéutica Novo Nordisk Pharmaceutical Industries, Inc.

3. El 27 de junio de 2019, mientras pintaba una puerta en la farmacéutica en Carolina del Norte, el señor Martínez sintió calambres y espasmo en una de sus piernas, por lo que se procuró asistencia médica.

4. El 29 de junio de 2019 el señor Martínez regresó a Puerto Rico.

5. A su regreso, el 30 de junio de 2019 el señor Martínez se atendió en la sala de emergencia del Hospital Metropolitano de San Germán.

6. El 29 de julio de 2019, el señor Martínez acudió a la Corporación del FSE y completó la declaración voluntaria.

7. El FSE evaluó al señor Martínez, le brindó tratamiento para sus condiciones y pautó una operación quirúrgica.

8. Antes de que se realizara dicha operación, el 28 de febrero de 2020 el FSE notificó al señor Martínez y a CIC una Determinación del Administrador Sobre: Compensabilidad en la que dispuso que: "[e]l alegado accidente laboral ocurrió fuera de los límites territoriales del Estado Libre Asociado de Puerto Rico, por lo que no ternemos jurisdicción para atender la presente reclamación."

9. La Determinación del Administrador Sobre: Compensabilidad, notificada el 28 de febrero de 2020 incluyó la siguiente advertencia: "[l]a Ley de Sistema de Compensaciones por Accidentes del Trabajo, en el artículo 9 dispone que toda Decisión del Administrador podrá apelarse ante la Honorable Comisión Industrial dentro de los treinta (30) días después de notificada."

10. El 21 de julio de 2020, el señor Martínez acudió directamente ante este Foro mediante la demanda de epígrafe en contra de CIC.

De la misma forma, estudiado el caso, en virtud del derecho aplicable previamente consignado concluimos que la aplicación de la norma jurídica a la controversia de autos fue una adecuada. Por consiguiente, la desestimación decretada en el caso debe ser confirmada.

El apelante sostiene lo contrario y, al discutir sus dos primeros señalamientos de error argumenta que la Ley Núm. 45 reconoce la causa de acción que instó contra CIC independientemente del lugar donde haya ocurrido el accidente. Además, en la discusión de su tercer error cuestiona el que el foro primario no haya acogido los hechos incontrovertidos 7 y 12 propuestos en su moción dispositiva y afirma que de estos surge que CIC no era un patrono asegurado con el FSE para cubrir el accidente laboral, por lo que su responsabilidad para con él era absoluta. Por razón de estos argumentos, reclama que en el caso procedía la reclamación ante el tribunal por los daños sufridos y que se concediera su solicitud de sentencia sumaria. No tiene razón.

En primer lugar, los breves planteamientos levantados por el apelante en sus dos primeros señalamientos de error son contrarios a lo que el FSE resolvió al cerrar su caso. Al confrontar tales argumentos con el lenguaje de la *Decisión del Administrador sobre: compensabilidad* que el fondo emitiera el 27 de febrero de 2020,- según destacada en la exposición del trámite procesal que arriba hicimos- es obvio que la causa de acción de acción que la Ley Núm. 45 reconoce a los empleados tiene una limitación territorial. Así lo resolvió el FSE cuando estableció que las disposiciones de este estatuto no confieren efecto extraterritorial para cubrir un accidente de trabajo ocurrido en funciones de empleo fuera de los límites territoriales de Puerto Rico.

Las claras expresiones consignadas por el FSE al declararse sin jurisdicción para atender el reclamo del apelante refutan el argumento del señor Martínez. Ciertamente, estas demuestran que la causa de acción que la Ley Núm. 45 reconoce en favor de un empleado cuando no existe cubierta bajo sus disposiciones, no tiene la extensión que sugiere el señor Martínez. En contrario, es claro que esta causa de acción se reconoce, independientemente del lugar donde ocurrió el accidente, siempre y cuando el mismo ocurra dentro de las limitaciones territoriales de Puerto Rico.

En cuanto al error que el apelante le imputa al TPI al no acoger todos los hechos que propuso, es meritorio señalar que sus argumentos no nos mueven a resolver que el foro primario estaba obligado a acoger la totalidad de los hechos incontrovertidos propuestos. Al fin y al cabo, contrario a lo que el apelante alega y argumenta en uno de ellos, el FSE no ordenó el cierre de su caso porque CIC era un patrono no asegurado. Ello puede apreciarse fácilmente del texto de la *Decisión del Administrador sobre: compensabilidad* que el FSE. De otra parte, el acoger el hecho incontrovertido 7 de la solicitud de sentencia sumaria, en nada cambia el resultado. Al final de cuentas, la

ausencia de jurisdicción decretada por el TPI descansó en el mandato expreso de la Ley Núm. 45 que establece que la reclamación que un empleado tenga derecho a instar contra su patrono- cuando este no pueda reclamar la inmunidad que el estatuto como norma general le reconoce- deberá ser presentada en el tribunal de primera instancia del lugar donde ocurrió el accidente. En el presente caso, el accidente sucedió en el estado de Carolina del Norte. Habiéndose determinado por el FSE que las disposiciones de la Ley Núm. 45 no eran extensivas al accidente laboral sufrido por el apelante por razón de no haber sucedido en Puerto Rico, la causa de acción que tal estatuto reconoce no le era de aplicación al apelante.[4]

En virtud de todo lo antes consignado, resolvemos que en el presente caso no existía controversia de hechos medulares que impidieran la resolución sumaria del caso. De la misma manera, sostenemos la aplicación del derecho efectuada por el foro primario y, por ello, confirmamos la *Sentencia* apelada.

-IV-

Por los fundamentos antes esbozados, confirmamos la *Sentencia* emitida en el caso el 13 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Debido a que el apelante no instó una apelación de lo resuelto por el FSE ante la Comisión Industrial, la determinación de que la Ley Núm. 45 sólo aplica a accidentes laborales que ocurran en Puerto Rico advino final y firme.